PLG DAMAGE ATTORNEYS
VINIT R. VENKATESH (367857)
TELEPHONE: 305-506-4746
2750 SW 145TH AVENUE #509
MIRAMAR, FLORIDA 33027
VV@PLGDAMAGE.COM
ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Maureen O'Brien, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS Pharmacy, Inc.,<br><br>Defendant. | Case No.:<br><br>**Complaint for Damages and Injunctive Relief for Violations of:** 47 U.S.C. § 227(c); 47 C.F.R. §§ 64.1200(c)(2), (d)<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Maureen O'Brien ("Plaintiff") brings this putative class action against CVS Pharmacy, Inc. ("CVS" or "Defendant") and alleges as follows upon personal knowledge as to herself and her own acts and experiences, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1. This action arises from CVS's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA"), and regulations promulgated by the Federal Communications Commission ("FCC") to protect residential telephone subscribers from unwanted telemarketing calls and text messages.

2. CVS sent Plaintiff multiple promotional text messages encouraging her to join its ExtraCare loyalty program even though her personal wireless telephone number had been registered on the National Do Not Call Registry since September 8, 2009.

3. Plaintiff replied "STOP" to CVS's designated short code. CVS immediately confirmed, "You will no longer receive ExtraCare texts." Approximately seventy days later, CVS sent another materially identical ExtraCare solicitation from the same short code.

4. Plaintiff seeks statutory and treble damages, injunctive relief, and other available relief for herself and similarly situated consumers whose company-specific do-not-call requests CVS failed to honor and whose numbers were registered on the National Do Not Call Registry when CVS sent repeated telephone solicitations.

## PARTIES

5. Plaintiff Maureen O'Brien is a natural person and a citizen and resident of Tehama County, California. Plaintiff is a "person" entitled to bring this action under the TCPA.

6. Plaintiff is the subscriber and regular user of the wireless telephone number ending in 3491 (the "Subject Number"), which she uses for personal, family, and household purposes as her residential telephone line.

7. Defendant CVS Pharmacy, Inc. is a Rhode Island corporation authorized to conduct business in California. CVS operates retail pharmacies and markets its goods, services, and ExtraCare loyalty program nationwide, including in this District.
8. Unless otherwise indicated, references to Defendant include persons and entities acting on CVS's behalf in connection with the text-message campaign at issue, including its agents, employees, vendors, contractors, affiliates, successors, and assigns.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA. The TCPA supplies a private right of action to a person who receives more than one call within a twelve-month period in violation of regulations prescribed under 47 U.S.C. § 227(c). 47 U.S.C. § 227(c)(5).
10. This Court has personal jurisdiction over CVS because CVS transacts substantial business in California and purposefully directed the ExtraCare text-message campaign at Plaintiff and other California residents.
11. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff received the challenged text messages while residing in Tehama County, California, and a substantial part of the events giving rise to her claims occurred in this District.
12. Because the action arises in Tehama County, assignment to the Sacramento Division is appropriate under Eastern District of California Local Rule 120(d).

## STATUTORY AND REGULATORY BACKGROUND

**<u>Telephone Consumer Protection Act</u>**

13. Congress enacted the TCPA to protect consumers from unwanted telemarketing and the resulting invasion of privacy, nuisance, and disruption.

14. Section 227(c) directed the FCC to adopt rules protecting residential telephone subscribers' privacy rights and limiting unwanted telephone solicitations. 47 U.S.C. § 227(c)(1)-(2).

15. A text message is a "call" within the meaning of the TCPA. Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156 (2016).

16. The FCC defines a "telephone solicitation" as the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. 47 C.F.R. § 64.1200(f)(15).

17. The FCC's company-specific do-not-call rule provides that no person or entity may initiate a call for telemarketing purposes to a residential telephone subscriber unless it has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. 47 C.F.R. § 64.1200(d).

18. Those procedures must include, among other requirements, a written internal do-not-call policy available upon demand; training of personnel engaged in telemarketing; recording and disclosure of do-not-call requests; and honoring such a request within a reasonable time not exceeding ten business days from its receipt. 47 C.F.R. § 64.1200(d)(1)-(6).

19. A company-specific do-not-call request terminates an established business relationship for purposes of future telephone solicitations. 47 C.F.R. § 64.1200(f)(5)(i).

20. Separately, the FCC's National Do Not Call Registry rule prohibits initiating a telephone solicitation to a residential telephone subscriber who has registered the subscriber's telephone number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

21. The protections in 47 C.F.R. § 64.1200(c) and (d) apply to telephone solicitations and telemarketing calls placed to wireless telephone numbers. 47 C.F.R. § 64.1200(e). Whether a wireless number is residential depends on how the subscriber customarily uses the number. Chennette v. Porch.com, Inc., 50 F.4th 1217, 1224-26 (9th Cir. 2022).

22. A person who receives more than one telephone call within a twelve-month period by or on behalf of the same entity in violation of regulations prescribed under § 227(c) may seek actual monetary loss or $500 for each violation, whichever is greater, and injunctive relief. 47 U.S.C. § 227(c)(5).

23. If a defendant willfully or knowingly violates the regulations prescribed under § 227(c), the Court may increase the award to as much as three times the amount otherwise available. 47 U.S.C. § 227(c)(5)(C).

## FACTUAL ALLEGATIONS

24. Plaintiff has maintained the Subject Number on the National Do Not Call Registry since September 8, 2009. She uses the number for personal, family, and household purposes, including personal communications, and not as a business line.

25. Plaintiff did not enroll in CVS ExtraCare, did not open a CVS account, and did not authorize CVS to send promotional text messages to the Subject Number. Plaintiff has never filled a prescription at CVS and has not entered a CVS store in years. At most, Plaintiff made an isolated retail purchase at a CVS store years before the messages at issue, and she provided CVS no telephone number in connection with any such purchase.

26. At the times relevant to this action, Plaintiff had not made a purchase or transaction with CVS within the preceding eighteen months and had not made an inquiry or application to CVS within the preceding three months.

27. On May 12, 2026, at approximately 2:07 p.m., CVS sent Plaintiff a text message from short code 28732 stating: “CVS ExtraCare: No more missing out! To start saving extra, tap link to finish joining ExtraCare” and providing a CVS link. The message instructed Plaintiff to “Text STOP to opt out.”

28. On May 17, 2026, at approximately 4:05 p.m., CVS sent Plaintiff a second materially identical ExtraCare promotional text message from the same short code.

29. Plaintiff responded “STOP” on May 17, 2026, thereby unequivocally requesting not to receive further telemarketing text messages from CVS and revoking any prior permission CVS might contend she had provided.

30. CVS immediately processed and confirmed Plaintiff’s request, responding: “CVS ExtraCare: You will no longer receive ExtraCare texts.”

31. CVS’s confirmation establishes that CVS received and understood Plaintiff’s company-specific do-not-call request and associated it with the Subject Number and the ExtraCare text-message campaign.

32. After receiving CVS's confirmation, Plaintiff reasonably expected CVS to place the Subject Number on its internal do-not-call list and suppress further ExtraCare promotional text messages.

33. Between May 17 and July 26, 2026, Plaintiff did not visit CVS, enter the Subject Number at a CVS register or self-checkout, respond affirmatively to any CVS prompt, press "yes" or "accept," or otherwise agree to resume receiving CVS ExtraCare text messages.

34. Nevertheless, on July 26, 2026, at approximately 12:19 p.m.—more than ten business days and approximately seventy days after Plaintiff's opt-out request—CVS sent Plaintiff another materially identical ExtraCare solicitation from short code 28732.

35. The July 26 message again encouraged Plaintiff to "finish joining ExtraCare" and again instructed her to "Text STOP to opt out," notwithstanding CVS's prior confirmation that she would no longer receive ExtraCare texts.

36. The challenged messages were telephone solicitations and telemarketing because their purpose was to promote CVS, induce Plaintiff to join CVS's ExtraCare program, encourage future purchases at CVS, and advertise savings and rewards connected to CVS goods and services.

37. Plaintiff did not provide CVS prior express invitation or permission to send the challenged telephone solicitations, and no established business relationship existed during the relevant period. In any event, Plaintiff's May 17 STOP request terminated any established business relationship or permission CVS might contend previously existed.

38. True and correct copies of the May 12, May 17, and July 26 messages, Plaintiff's STOP request, and CVS's confirmation are attached as Exhibit A and incorporated by reference.

39. CVS's transmission of a materially identical campaign message after receiving and confirming Plaintiff's STOP request demonstrates a failure to timely record, synchronize, maintain, and enforce company-specific suppression data across CVS's telemarketing systems and vendors.

40. Upon information and belief, CVS used centralized systems, common campaign templates, and common policies and procedures to send ExtraCare text messages, receive opt-out responses, and determine whether telephone numbers were eligible for further marketing.

41. Upon information and belief, CVS and its vendors maintain outbound transmission logs identifying the dates, times, target telephone numbers, short codes, campaigns, message content, delivery status, and opt-out status associated with the ExtraCare messages.

42. Those records can identify consumers whose numbers were registered on the National Do Not Call Registry, consumers who submitted company-specific opt-out requests, the dates on which the requests were received, and any later CVS telemarketing text messages.

43. CVS's conduct caused Plaintiff actual harm, including invasion of privacy, annoyance, nuisance, loss of time, occupation of her telephone, and interference with the use and enjoyment of her device.

44. CVS acted knowingly or willfully because the Subject Number had been registered on the National Do Not Call Registry for years, CVS and its systems received and automatically confirmed Plaintiff's opt-out request, and CVS nevertheless caused the same ExtraCare campaign to transmit another promotional text message to the Subject Number.

## CLASS ALLEGATIONS

**Proposed Classes**

45. Plaintiff brings this action under Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and the following proposed classes:

> **Internal Do-Not-Call Class:** All persons in the United States to whom, from four years before the filing of this action through the date of class certification, CVS or a person acting on its behalf sent more than one text message within a twelve-month period promoting the CVS ExtraCare program or other CVS goods or services, at a wireless telephone number, where (1) records of CVS or its messaging vendors reflect that the subscriber or user of that number replied "STOP" or another opt-out keyword recognized by CVS's messaging platform, and (2) at least one such message was sent more than ten business days after that reply.

> **National Do Not Call Registry Class:** All persons in the United States to whom, from four years before the filing of this action through the date of class certification, CVS or a person acting on its behalf sent more than one text message within a twelve-month period promoting the CVS ExtraCare program or other CVS goods or services, at a wireless telephone number that had been registered on the National Do Not Call Registry for at least thirty-one days at the time the messages were sent.

46. Plaintiff reserves the right to refine the Class definitions based on discovery and further investigation. Each Class is defined by reference to objective criteria ascertainable from the outbound-message, inbound-response, suppression, and National Do Not Call Registry screening records of CVS and its messaging vendors, without resort to individualized testimony. A wireless telephone number that an individual subscriber has registered on the National Do Not Call Registry is presumed to be a residential telephone line, and the burden rests with CVS to rebut that presumption as to any particular number. Chennette v. Porch.com, Inc., 50 F.4th 1217, 1224-26 (9th Cir. 2022).

47. Excluded from the Classes are Defendant; Defendant's parents, subsidiaries, affiliates, officers, directors, and employees; the judicial officers assigned to this action and their immediate family members and staff; and persons who timely and validly request exclusion.

48. The Classes are so numerous that joinder is impracticable. CVS operates a nationwide retail and loyalty program, and the number and identities of Class members can be ascertained from CVS's and its vendors' standardized outbound-message, inbound-response, suppression, and campaign records.

**Common Questions and Rule 23 Requirements**

49. Common questions of law and fact include whether CVS initiated or caused the challenged text messages; whether the messages constituted telemarketing or telephone solicitations; whether CVS maintained and implemented compliant do-not-call policies, training, records, and suppression procedures; whether CVS honored STOP requests within ten business days; whether CVS sent repeated solicitations to National Do Not Call Registry numbers; and whether CVS's conduct was knowing or willful.

50. These common questions predominate because liability can be determined principally from standardized text content and CVS's centralized campaign, inbound-message, National Do Not Call Registry, and suppression records rather than from individualized testimony. Residential use is established by the presumption applicable to registered wireless numbers and, to the extent contested, is subject to common proof from carrier, subscriber, and account records rather than member-by-member inquiry.

51. Plaintiff's claims are typical because she received multiple CVS ExtraCare solicitations while her residential wireless number was registered on the National Do Not Call Registry, submitted a STOP request that CVS confirmed, and later received another ExtraCare promotional text.

52. Plaintiff will fairly and adequately protect the interests of the Classes. Her interests do not conflict with those of the Classes, and she has retained counsel experienced in TCPA and complex litigation.

53. A class action is superior to individual actions because the statutory recovery available to each Class member is modest compared with the burden and expense of separate litigation, and common adjudication will promote efficiency and consistent results.

54. Certification under Rule 23(b)(2) is also appropriate because CVS has acted or refused to act on grounds generally applicable to the Classes, making final injunctive and corresponding declaratory relief appropriate for the Classes as a whole.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(c) AND 47 C.F.R. § 64.1200(d)
***(On Behalf of Plaintiff and the Internal Do-Not-Call Class)***

55. Plaintiff re-alleges and incorporates paragraphs 1 through 54 as if fully set forth herein.

56. CVS initiated, or caused to be initiated on its behalf, calls in the form of text messages for telemarketing purposes to Plaintiff and the Class at wireless telephone numbers used for personal, family, or household purposes.

57. Plaintiff and the Class made clear company-specific requests not to receive further telemarketing calls or text messages from CVS, including by replying STOP.

58. CVS failed to honor those requests within a reasonable time not exceeding ten business days and failed to maintain and enforce the requests as required by 47 C.F.R. § 64.1200(d).

59. CVS's failure to suppress Plaintiff's Subject Number after receiving and confirming her STOP request demonstrates that CVS failed to institute or effectively implement one or more required internal do-not-call procedures, including maintaining an effective written policy, training personnel, recording do-not-call requests, and honoring those requests.

60. To the extent CVS delegated transmission, opt-out processing, list maintenance, National Do Not Call Registry screening, or suppression to a vendor or other third party, CVS remains responsible for calls initiated on its behalf and for failures to honor do-not-call requests.

61. Plaintiff and each Class member received more than one telephone-solicitation call or text message within a twelve-month period by or on behalf of CVS in violation of regulations prescribed under 47 U.S.C. § 227(c), including at least one message after CVS was required to honor the request.

62. CVS's violations were knowing or willful because CVS and its systems received or recorded the opt-out requests but nevertheless initiated or caused further telemarketing messages.

63. Under 47 U.S.C. § 227(c)(5), Plaintiff and the Class are entitled to actual monetary loss or $500 for each violation, whichever is greater, and injunctive relief.

64. Because CVS's violations were knowing or willful, Plaintiff and the Class are entitled to an award of up to $1,500 for each violation. 47 U.S.C. § 227(c)(5)(C).

**COUNT II**
**VIOLATION OF 47 U.S.C. § 227(c) AND 47 C.F.R. § 64.1200(c)(2)**
***(On Behalf of Plaintiff and the National Do Not Call Registry Class)***

65. Plaintiff re-alleges and incorporates paragraphs 1 through 64 as if fully set forth herein.

66. CVS initiated, or caused to be initiated on its behalf, telephone solicitations in the form of text messages to Plaintiff and the Class at wireless telephone numbers used for personal, family, or household purposes.

67. The Subject Number had been registered on the National Do Not Call Registry since September 8, 2009, long before CVS sent the May 12, May 17, and July 26, 2026 solicitations.

68. Plaintiff did not provide prior express invitation or permission for the challenged solicitations and did not have an established business relationship with CVS during the relevant period. Any purported permission or relationship was independently terminated by Plaintiff's May 17, 2026 company-specific STOP request.

69. CVS initiated or caused more than one telephone solicitation to Plaintiff and each Class member within a twelve-month period while their residential telephone numbers were registered on the National Do Not Call Registry, in violation of 47 C.F.R. § 64.1200(c)(2).

70. CVS's violations were knowing or willful because it knew or should have known that the numbers were registered on the National Do Not Call Registry and failed to screen, suppress, or otherwise prevent the prohibited solicitations. As to Plaintiff, CVS also received and confirmed an express STOP request before sending the July 26 solicitation.

71. Under 47 U.S.C. § 227(c)(5), Plaintiff and the Class are entitled to actual monetary loss or $500 for each violation, whichever is greater, and injunctive relief.

72. Because CVS's violations were knowing or willful, Plaintiff and the Class are entitled to an award of up to $1,500 for each violation. 47 U.S.C. § 227(c)(5)(C).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, respectfully requests that the Court enter judgment in her favor and against Defendant and award the following relief:

a) An order certifying this action as a class action under Rule 23, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

b) Actual monetary loss or statutory damages of $500 for each violation, whichever is greater;

c) Treble damages of up to $1,500 for each knowing or willful violation;

d) Injunctive and declaratory relief requiring CVS to honor company-specific do-not-call requests, refrain from sending telephone solicitations to National Do Not Call Registry numbers absent a lawful exception, and maintain compliant policies, training, records, screening, suppression systems, and vendor controls;

e) Costs, expenses, and reasonable attorneys' fees to the extent permitted by law or payable from any common fund, together with pre-judgment and post-judgment interest; and

f) Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff and the members of the proposed Classes demand a trial by jury on all issues so triable.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that CVS take affirmative steps to preserve all records and electronically stored information relevant to the allegations, including outbound text-message logs, inbound STOP messages, opt-out confirmations, National Do Not Call Registry screening records, suppression lists, consent and ExtraCare enrollment records, vendor contracts and instructions, campaign configurations, written do-not-call policies, training materials, and communications concerning the messages at issue.

Dated: September 23, 2026

Respectfully submitted,

/s/ Vinit R. Venkatesh, Esq.
Vinit R. Venkatesh, Esq.
California Bar No. 367857
E-mail: vv@plgdamage.com
PLG Damage Attorneys
2750 SW 145th Avenue, Suite 509
Miramar, Florida 33027
Phone: 305-506-4746

COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASS

# EXHIBIT A

**May 12, 2026 — Initial CVS ExtraCare Promotional Text**



**May 17, 2026 — Second CVS ExtraCare Promotional Text and STOP Request**



**May 17, 2026 — CVS Confirmation of the Opt-Out Request**



**July 26, 2026 — CVS ExtraCare Promotional Text After the Opt-Out Request**

